UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | Case No. 2:17-CV-2146 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant SFR Investments Pool 1, LLC's ("SFR") motion to dismiss. (ECF No. 15). Defendant Southern Highlands Community Association (the "HOA") joined (ECF No. 16), and plaintiff the Bank of New York Mellon ("BNYM") filed a response (ECF No. 20), to which SFR replied (ECF No. 21).

Also before the court is the HOA's motion to dismiss. (ECF No. 26). SFR (ECF No. 29) and BNYM (ECF No. 33) filed responses, to which the HOA replied (ECF Nos. 32, 34).

**I.      Facts**

This case involves a dispute over real property located at 4002 Trapani Place, Las Vegas, Nevada 89141 (the "property"). On December 6, 2004, Richard Ocasio obtained a loan from Countrywide Home Loans, Inc. in the amount of $399,900.00. (ECF No. 1). The loan was evidenced by a note and secured by a deed of trust recorded on December 13, 2004. (ECF No. 1).

The deed of trust was assigned to BNYM via an assignment of deed of trust recorded on September 25, 2012. (ECF No. 1).

On March 31, 2011, the HOA, through its agent Alessi & Koenig ("A&K") recorded a notice of delinquent assessment lien, stating an amount due of $947.95. (ECF No. 1). On July 29,

2011 A&K, on behalf of the HOA, recorded a notice of default and election to sell to satisfy delinquent assessment lien, stating the amount due was $2,398.09. (ECF No. 1).

On December 30, 2011, A&K, on behalf of the HOA, recorded a notice of foreclosure sale, stating an amount due of $3,589.54. (ECF No. 1). On August 21, 2012, A&K, on behalf of the HOA, recorded a second notice of foreclosure sale, stating an amount due of $4,894.85. (ECF No. 1).

On February 9, 2012, Bank of America, N.A. ("BANA"), as loan servicer, requested a ledger from the HOA, through A&K. (ECF No. 1). Neither the HOA nor A&K responded to BANA's request. (ECF No. 1).

On September 19, 2012, the HOA conducted a foreclosure sale, during which SFR purchased the property for $10,100.00. (ECF No. 1). A foreclosure deed in favor of SFR was recorded on October 9, 2012. (ECF No. 1).

On August 10, 2017, BNYM filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the HOA; (3) wrongful foreclosure against the HOA; and (4) injunctive relief against SFR. (ECF No. 1).

In the instant motions, SFR and the HOA move to dismiss BNYM's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 15, 26).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, the court will dismiss without prejudice BNYM's claim for injunctive relief, as the court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy,

not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

**A. SFR's Motion to Dismiss** (ECF No. 15)

In its motion, SFR argues that BNYM's quiet title cause of action is time-barred and should be subject to a three-year statute of limitations period. (ECF No. 15). BNYM responds that SFR mischaracterizes its cause of action for quiet title and applies the incorrect statutory subsection when analyzing the relevant limitations period. (ECF No. 20).

BNYM's complaint alleges a claim for quiet title against all defendants. Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Under NRS 40.010, an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Further, NRS 11.070 sets forth a five-years limitations period for quiet title claims. Nev. Rev. Stat. § 11.070.

The foreclosure sale took place on September 19, 2012 and the foreclosure deed was recorded on October 9, 2012. (ECF No. 1). BNYM filed the underlying complaint on August 10, 2017. *Id.* Thus, BNYM's quiet title claim was timely filed within the five-year limitations period set forth in NRS 11.070. Therefore, there is no statute of limitations issue for this claim.

. . .

. . .

**B. The HOA's motion to dismiss (ECF No. 26)**

The HOA argues that BNYM's claims for breach of NRS 116.1113 and wrongful foreclosure asserted against the HOA are time barred under a three-year statute of limitations period. (ECF No. 26). BNYM responds that the foreclosure sale does not mark the date on which the statute of limitations began to accrue. (ECF No. 33). Instead, BNYM argues that it did not have any reason to know it may have suffered harm until after the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 335 P.3d 408 (Nev. 2014). *Id.* Based on the date of the Nevada Supreme Court's decision, BNYM argues its complaint was timely filed. *Id.* The court disagrees.

The allegations set forth in the complaint are sufficient to create a question of fact regarding whether BNYM's claims began to accrue on the date of the foreclosure sale (August 10, 2012). However, BNYM knew or should have known of the facts constituting the elements of its causes of action on or before October 9, 2012, the date the foreclosure deed in favor of the SFR was recorded.

Claim (2) of BNYM's complaint alleges that the HOA violated NRS 116.1113, which imposes an obligation of good faith in every contract or duty governed by Chapter 116. (ECF No. 1). For relief, BANA seeks damages in the amount of either the property's fair market value or the unpaid principal on the loan as of the date of the HOA sale. (ECF No. 1).

Because claim two is a claim for damages based on the alleged breach of a statutory duty, it must be brought within three years. *See* Nev. Rev. Stat. § 11.190(3)(a). The foreclosure deed was recorded on October 9, 2012. BANA brought this lawsuit more than three years later, on August 10, 2017. Therefore, claim (2) is time-barred, and the HOA's motion to dismiss will be granted as to this claim.

Claim (3) of BNYM's complaint alleges that the foreclosure sale was wrongful because the HOA failed to give proper notice and an opportunity to cure the deficiency and the HOA sold the property for a grossly inadequate amount. (ECF No. 1). BNYM seeks damages in the amount of the property's fair market value or the unpaid principal loan balance as of the time of the foreclosure sale. (ECF No. 1).

1    A tortious wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). A&K's authority to foreclose on the HOA lien on behalf of the HOA arose from Chapter 116, essentially rendering claim (3) a claim for damages based on liability created by a statute. Therefore, claim (3) is likewise time-barred under NRS 11.190(3)(a) because it was not brought within three years.

The HOA also argues that it has no interest in the litigation and is not a necessary party. (ECF No. 26). In response, BNYM argues that the HOA is a necessary party under Federal Rule of Civil Procedure 19(a)(1)(A). (ECF No. 33). The court agrees.

Under rule 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action without that party may, practically, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

This court has previously held that dismissal is inappropriate when the holder of the prior deed of trust challenges the validity of the foreclosure sale. *See, e.g.*, *Nationstar Mortg., LLC v. Berezovsky*, No. 2:15-CV-909-JCM-CWH, 2016 WL 1064477, at *3–4 (D. Nev. Mar. 2016).

In addition, this court has reasoned that parties facing a quiet title claim may be, at least nominally, necessary parties when the court's potential invalidation of the foreclosure sale could alter their possible liability to other entities in the case. *See Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-CV-1683-JCM-CWH, 2017 WL 843177, at *6 (D. Nev. Mar. 1, 2017); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (considering the desire to avoid redundant litigation and specifying rule 19(a)(1)'s focus on allowing "meaningful relief").

Here, the HOA is a necessary party to this action based on the current allegations and relief sought. If the foreclosure sale is invalidated or set aside, the HOA's superpriority lien might be reinstated as an encumbrance against the property. *See, e.g.*, *U.S. Bank, N.A. v. Ascente*

*Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). "The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests." *U.S. Bank, N.A.*, 2015 WL 8780157, at *2. In particular, if BNYM "succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary." *Id*. Thus, if the HOA is not a party, BNYM, as well as SFR, would not be able to secure the complete relief sought. *See id.*; *see also* Fed. R. Civ. P. 19(a). Therefore, the HOA is, at this point in the present litigation, a necessary party and will not be dismissed.

**IV.  Conclusion**

Based on the aforementioned, SFR (ECF No. 15) and the HOA's (ECF No. 26) motions to dismiss will be granted as to BNYM's claims for breach of NRS 116.1113, wrongful foreclosure, and injunctive relief, but will be denied as to BNYM's claim for quiet title/declaratory judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motion to dismiss (ECF No. 15) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the HOA's motion to dismiss (ECF No. 26) be, and the same hereby is, GRANTED in part and DENIED in part.

DATED June 26, 2018.

_____
UNITED STATES DISTRICT JUDGE